## WALLACH *et al. v.* KIND *et al.*

*(City Court of New York, General Term.* November 16, 1891.)

1. NEGOTIABLE INSTRUMENTS—ACTIONS—EXTENSION OF TIME—EVIDENCE.

In an action on certain notes defendants pleaded an extension of the time of payment, not yet expired, based on a valuable consideration, and introduced a writing, signed by plaintiff, reciting that in consideration of $15 then paid, and $15 to be paid monthly, he agreed to extend the payment of the notes for 10 months. In rebuttal plaintiff introduced the first note, on which was credited $15 as a payment on account on the day the extension agreement was delivered. The complaint, which plaintiff had sworn to, alleged that this note was wholly unpaid. *Held*, that the evidence warranted the finding that the $15 paid was a new consideration for an extension, and not a payment on account.

2. SAME—EVIDENCE—INDORSEMENT OF CREDITS.

While plaintiff's indorsement of this credit on the note is not properly admissible against defendants, where it is in evidence without objection by them it will be considered for what it is worth.

Appeal from trial term.

Action by Julius Wallach and others against Rosa Kind and others. There was a trial by the court, which rendered judgment for defendants, and plaintiffs appeal. Judgment affirmed.

Argued before VAN WYCK and NEWBURGHER, JJ.

*Leonard Bronner*, for appellants. *Johnson & Johnson*, for respondents.

VAN WYCK, J. This cause was, by consent, tried without a jury before the judge, who thus became the trier of the issues of fact as well as of those of law. This action was commenced on May 2, 1891, upon three promissory notes for $50 each, dated November 4, 1890, payable, respectively, at one, two, and three months after date, and were made by defendant Rosa Kind to her own order, indorsed by the other defendants, and delivered to plaintiffs. The defense set forth in the answer was that on February 2, 1891, the plaintiffs, by written agreement, extended, for a valuable consideration, the time of the payment of these notes for 10 months from that date. The defendants on the trial read in evidence this written extension of February 2d, which was signed by plaintiffs, and which recited that in consideration of the sum of $15 to plaintiffs, then paid, and upon the payment of $15 regularly each month, they agreed to extend the payment of these three notes, provided they were fully paid within 10 months from that date. The plaintiffs read in evidence the one-month note, which fell due on December 17, 1890, upon the back of which was credited the $15 as a payment on account as made on the day the extension agreement was delivered. Plaintiffs' counsel contends with great vigor that, notwithstanding the recital in this agreement that

plaintiffs had received the $15 as a new consideration for the extension, still, as they had themselves produced this note with that sum so credited thereon, it was clearly shown that this $15 was no new consideration passing to them, and hence that the agreement of extension was not binding on them.   However, this credit on the note made by plaintiffs themselves was not properly admissible against the defendants, especially when it was in such direct conflict with the recital in the agreement signed by plaintiffs.   However, the same is in evidence without objection from or exception by defendants, and must be considered for all it is worth.   About the only disputed question of fact which the judge was called upon to determine was whether this payment of $15 was a new consideration, moving from defendants to plaintiffs, for the extension granted by their agreement, or whether it was merely a payment on account of the one-month note, which defendants were already legally obligated to pay.   And this disputed question of fact was decided against the plaintiffs' contention by the judge, as appears by his second finding of fact, whereby he finds that the extension agreement was valid and binding, having been given for a new and additional consideration, namely, "the $15 then and there paid them by defendants;" and again this result is shown by his refusal to find plaintiffs' seventh request, that this $15 "was paid to be applied and was actually then and there applied on the one-month note, which said note had already matured."   The record shows that the judge could not have fairly decided any way other than against the plaintiffs, for neither of them took the witness stand, nor did they give any evidence whatever which tended to show that this payment was credited or intended by defendants to be credited as a payment on account of this note, except that on the note read in evidence they had indorsed such payment, while, on the other hand, we have the testimony of the defendant to whom the extension agreement was delivered, that the $15 was paid as a new and additional consideration for such extension; and stronger evidence still is the recital in the agreement itself that this sum was so paid.   But, if doubt existed, the same would be dispelled by attention to the sworn statement of the plaintiff, who on May 4, 1891, verified the complaint.   He swears that the complaint is true to his own knowledge, yet it is alleged in the complaint that the one-month note, upon which is indorsed the payment of $15 as made in February, was then —May 4th—wholly unpaid, and "that no part of said sum has been paid, and there is now due and owing the plaintiffs from defendants the sum of $50, with interest thereon from the 17th day of December, 1890, (the one-month note was dated November 14, 1890,) besides $1.30 protest fees."   This judgment must be affirmed, with costs.